## Brown v. Brown

*J. C. Glassburn,* for libellant.

CARR, J., December 31, 1943.—This action in divorce was begun on June 26, 1931, and a subpœna was awarded returnable the last Monday of July 1931. On July 28, 1931, the subpœna was returned by the sheriff non est inventus, and an alias subpœna was awarded returnable the first Monday of September 1931. On October 7, 1932, the alias subpœna was returned by the sheriff as served personally on respondent on September 4, 1931, at Greensburg, by the deputized Sheriff of Westmoreland County delivering to her a true and attested copy of the same and a copy of the libel, making known to her the contents thereof. On February 3, 1933, a master was appointed to take the testimony and report the same, together with his opinion

thereon, to the court. On March 3, 1933, the master's report, with the testimony taken before him and his recommendation for a divorce a. v. m., was filed, and on March 20, 1933, was submitted curia advisare vult. On August 8, 1933, on the petition of libellant, an order was made remanding the proceedings to the master for the purpose of taking additional testimony. On August 31, 1943, the master, by special allowance, filed a supplemental report containing additional testimony taken on August 30, 1934, and again recommending the granting of a divorce a. v. m., but furnishing us with no explanation of the delay of more than 10 years.

It is the policy of the law to expedite litigation and to look with disfavor upon stale controversies. Where rights are to be enforced or wrongs redressed they must be prosecuted without unreasonable delay, for otherwise memories fail, witnesses disappear or remove to distant places, circumstances change, and the merits of the cause become more and more difficult of determination. Hence, when for many years neither party to an action proceeds, a presumption of law arises that the action has been abandoned: Ulakovic v. Metropolitan Life Ins. Co., 339 Pa. 571.

In actions for divorce our rules of court require that the master shall file his report in the prothonotary's office within 30 days after the close of the testimony, unless the period is extended by the court, and shall give immediate notice to the parties appearing of record, or their attorneys, of the fact of the filing and of the nature of the decree recommended by him. Though in the present case we signed an order on August 31, 1943, granting the master leave to file the supplemental report, we did not suspend the rule or consent that the report should have the effect of one duly filed. Moreover, there is no certificate of the master that he gave any notice of filing to respondent or to the co-respondent, who may well have assumed, as they had the right to do, that the action was no longer pending.

For these reasons it appears to us that justice requires the entry of judgment of non prosequitur against libellant.

### Order

Now, December 31, 1943, upon consideration of the foregoing case, it is ordered that judgment of non prosequitur be entered against libellant.