48

Insurance Company of North America, Appellant,
*v.* Carnahan.

Argued September 29, 1971. Before JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Louis Vaira,* with him *John D. Stedeford,* for appellant.

*William M. Acker,* for appellee.

OPINION BY MR. JUSTICE POMEROY, December 20, 1971 :

This is an appeal from a final decree of the court below sustaining preliminary objections in the nature of a demurrer to a complaint in equity and dismissing the complaint. The suit was brought to prevent the assertion by defendant of the statute of limitations as a defense in an action at law in trespass pending in the same court. The narrow question presented for our resolution is the determination of the date of commencement of the period of limitation applicable to an action brought by an insurance carrier as subrogee to the rights of its insured, against an uninsured motorist.

The record reveals the following facts: The Insurance Company of North America (hereinafter INA) issued to Alexander Greenhill, Jr., a standard automobile insurance policy which afforded "uninsured motorist" coverage; i.e., INA agreed to pay to its insured all sums which Greenhill would be legally entitled to recover for personal injuries arising from a collision between his vehicle and one operated by an uninsured motorist. The policy further provided that the amount of damages was to be determined by agreement between INA and its insured, and if they failed to agree, by arbitration.

On May 22, 1967, while this policy was in effect, Greenhill suffered personal injuries as a result of a collision between his car and an automobile operated by appellee Carnahan, an uninsured motorist.

The parties to the insurance contract could not agree as to the amount of damages, and the insured

filed a claim against INA under the arbitration clause of the policy. On February 28, 1968, approximately nine months after the occurrence of the injury, the arbitrator awarded Greenhill $9,250, which INA duly paid.

On June 3, 1969, fifteen months after the arbitration award and two years and thirteen days subsequent to the accident in which Greenhill was injured, INA filed a praecipe for summons in trespass against the uninsured motorist Carnahan. The action was filed by INA in the name of its insured pursuant to Pa. R. C. P. 2002(d).[1] After service of the praecipe, counsel for appellee advised counsel for INA that the two year statute of limitation for personal injury actions (Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34) would be pleaded as a defense to the suit. Without further pursuing the trespass action, INA thereupon initiated this equity action, with the result above indicated.

The Act of 1895, *supra,* provides that a suit to recover for personal injury shall be brought "within two years from the time when the injury was done and not afterwards." It is beyond dispute that at the time the trespass action was brought on June 3, 1969 in the name of the insured, Greenhill, to recover for the injuries allegedly sustained by him on May 22, 1967, the action was barred. Appellant INA does not quarrel with this proposition, but states that it was the real party in interest as subrogee of its insured, and that the period of limitation did not commence until INA suffered "injury" in the form of the arbitrator's award. But this overlooks the fact that as subrogee INA possesses no greater rights than its insured. See generally 50 Am. Jur. Subrogation, §110 (1944). The insured's right of action accrued on the date he sustained the

---

[1] The writ was not served, but was later reinstated on January 6, 1970, and served on appellee on January 13, 1970.

injury to his person, not the later date when the arbitrator found the appellant to be liable to the insured under the policy. It is the insured's right of action which appellant was pursuing when it caused the trespass action to be filed.

It is true, of course, that parties to a lawsuit or a potential lawsuit may modify the statutory period of limitation, but such a contract is good only as between themselves; they may not so contract in derogation of the rights of a third party who was not privy to the agreement. Thus the appellee in the present case may not be prejudiced by the circumstance that appellant's subrogation right, a consequence of its contractual arrangement with the insured, did not accrue under the policy until some time later than the insured's personal injury right.

The purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims. *Ulakovic v. Metropolitan Life Ins. Co.*, 339 Pa. 571, 575-76, 16 A. 2d 41 (1940). The defense of the statute of limitations is not technical, but "substantial and meritorious . . . [such statutes] are vital to the welfare of society and are favored in the law." *Schmucker v. Naugle*, 426 Pa. 203, 231 A. 2d 121 (1967). It is no function of a court of equity to aid the circumvention of the statute of limitations by enjoining its assertion in a case such as this; appellant had 15 months after the award against it in which to act, and did nothing. The court below was correct in holding that merely because subrogation is an equitable doctrine, no new equitable rights are created in the subrogee, and that as to the subrogee as well as its insured the limitations period began to run on May 22, 1967.

Decree affirmed; costs on appellant.

Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.