## Platts v. Government Employees Insurance Company

Daniel L. Thistle, for plaintiff.
David M. McCormick, for defendant.

GOODHEART, J., November 4, 1981—This is an appeal from an order of this court of February 6, 1981, sustaining defendant's motion for summary judgment on the grounds that plaintiff's claims for benefits under the Pennsylvania No-fault Insurance Act were barred by the relevant statute of limitations.[1]

On Janaury 1, 1976, plaintiff, Loretta Platts, was involved in an automobile accident and sustained personal injuries. At the time of the accident, plaintiff was insured by defendant Government Employees Insurance Co. (GEICO) under a policy which included a provision for payment of no-fault benefits.

---

1. In plaintiff's notice of appeal to the Superior Court, plaintiff states that she is appealing the order of this court entered on September 10, 1981. The order of September 10, 1981, permitted plaintiff to file an appeal nunc pro tunc from the order of this court of February 6, 1981.

On May 17, 1976, defendant paid $1,292.15 of plaintiff's hospital bill and $70.35 toward plaintiff's wage loss. On June 23, 1976, defendant paid $760 of plaintiff's medical bill for treatment rendered by Dr. James Nelson on June 16, 1976.[2] At some time in 1976, defendant paid $60 of plaintiff's medical bill of $1,095 for treatment rendered by Dr. Frederick Bryant on July 2, 1976.[3] In July of 1976, defendant paid $1,296 toward plaintiff's wage loss. In September of 1976, plaintiff filed a verification form with defendant claiming loss of wages from January of 1976 to April 29, 1976.

Plaintiff's attorney claims that in January of 1979, he received a report from Dr. Nelson that his total bill was $1,390 and in July of 1979, he received a report from Dr. Bryant that his total bill was $2,385. On July 10, 1979, plaintiff demanded that defendant pay the outstanding medical bills as well as the remaining wage loss claim. Defendant refused to pay plaintiff additional benefits.

On September 24, 1979, plaintiff instituted the instant action in assumpsit. Defendant filed a motion for summary judgment, contending that plaintiff's claims had been brought beyond the expiration of the applicable statute of limitations

---

2. Plaintiff alleges in her amended complaint and answers to interrogatories that her total bill from Dr. Nelson incurred as of September 9, 1976 was $830 and that the only payment she received from defendant toward Dr. Nelson's bills was the $760 paid on June 23, 1976. Defendant claims that it also paid the remaining $70 of Dr. Nelson's bill on February 23, 1977.

3. Defendant contends that it made this payment on October 25, 1976. Plaintiff alleges that she received this payment on or about June 23, 1976.

period under the Pennsylvania No-fault Motor Vehicle Insurance Act.

Upon consideration of plaintiff's admission in her pleadings and answer to interrogatories that the instant action had been initiated more than two years after the last prior payment of benefits, this court granted defendant's motion for summary judgment and dismissed this case. From that order, plaintiff files the instant appeal.

Plaintiff's claims for outstanding medical bills and unpaid wage loss benefits are governed by the statute of limitations established in Section 106(c)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act[4] which provides as follows:

If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefore may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. *If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant may be commenced not later than two years after the last payment of benefits.* (Emphasis added.)

The chief purpose of Section 106(c)(1) as well as any other statute of limitations is to discourage delay and the attendant opportunity for the pre-

---

4. Act of July 19, 1974, P.L. 489, 40 P.S. §1009.106(c)(1).

sentation of stale and fraudulent claims. Insurance Co. of North America v. Carnahan, 446 Pa. 48, 284 A. 2d 728 (1971). Ulakovic v. Metropolitan Life Insurance Co., 339 Pa. 571, 16 A. 2d 41 (1940). In this case, this policy would be well served by the barring of plaintiff's claims for both wage losses and medical expenses because of plaintiff's delay in bringing these claims to court.

In plaintiff's pleadings and answers to interrogatories, plaintiff alleges that the last time she received payment of basic loss benefits was in July of 1976 when she received $1,296 toward her wage loss. Thus, by plaintiff's own admission, the last prior payment of benefits by defendant was more than two years before the commencement of the instant action on September 24, 1979, and consequently, plaintiff's claims are barred by the above statute of limitations provision in Section 106(c)(1).[5]

Plaintiff argues, however, that while the instant action falls within the explicit language of Section 106(c)(1), it would be "manifestly unfair" for plaintiff to be denied benefits in this case. Plaintiff alleges that her injuries had subsided for a period of years which thereby justified her delay in bringing this action and that she diligently submitted her claims for benefits as soon as expenses were accrued.

Under the established rules of statutory con-

---

5. While plaintiff alleges that the last payment was made in July of 1976, defendant contends in its answer to plaintiff's amended complaint that its last payment was made on February 23, 1977 for $70 towards Dr. Nelson's bill of September 9, 1976. Under either party's version of the facts, however, the last payment was definitely made beyond the two-year statutory period prior to the commencement of the instant action.

struction, this court cannot disregard the clear and unambiguous language of Section 106(c)(1) on the pretext that its literal interpretation will somehow frustrate its spirit. Statutory Construction Act of 1972, 1 Pa.C.S.A. §1921(b). See also, Salvado v. Prudential Property and Casualty Insurance, 287 Pa. Super. 304, 430 A. 2d 297 (1981). Nor is this the type of case that would encourage this court to create an exception to the mandatory language of the statute of limitations period on grounds of equity: cf. Rigotti v. J.C. Penney Insurance Co., 13 D. & C. 3d 472 (1980).

In certain cases, courts have construed statutes of limitations to commence from the time that a person discovered or should have discovered the cause of harm or injury rather than the literal statutory period. See e.g., Walters v. Ditzler, 424 Pa. 445, 449, 227 A. 2d 833 (1967); Acker v. Palena, 260 Pa. Super. 214, 393 A. 2d 1230 (1978). However, in the instant case, plaintiff cannot claim an exception to the required limitations period since she discovered the cause of injury for both claims of wage loss and medical expenses well in advance of the two year period required to commence the action.

Plaintiff knew that her wage loss from January, 1976 to April, 1976 was the result of the automobile accident, certainly by the time she filed the wage loss verification form with defendant in September of 1976. This wage loss was a fixed amount of which plaintiff was well aware. Yet plaintiff delayed in instituting the action for this fixed amount for no other reason than her own neglect. She cannot therefore now claim that it would be unfair for her to be barred from instituting a claim for wage loss.

As for plaintiff's medical expenses, these claims can be further broken down into two groups: (1) the outstanding unpaid balance from bills incurred in 1976 and (2) the expenses incurred between 1976 and the time plaintiff's attorney allegedly first received notice of Dr. Nelson's and Dr. Bryant's increased medical bills in 1979. The former group of expenses are not allowable since these amounts were known as early as of July, 1976 and yet no action was commenced for their payment until well after the statute of limitations period. Defendant could justifiably rely on plaintiff's delay as a waiver to any claims for the outstanding balance. The second group of expenses are also not allowable since these are not the kind of expenses in which plaintiff can claim that she neither knew nor should have known would be incurred. Plaintiff cannot now claim that these injuries constituted a surprise to her when in her own pleadings she admits that her doctors' medical reports in June and July of 1976 indicated that she would require continuing care for her continuing medical problems.

Section 106(c)(1) of the No-fault Insurance Act was enacted to bar these types of stale claims. Plaintiff has failed to establish any reasonable justification for her delay in instituting the instant action until more than two years after the last prior payment of benefits. Because of the expiration of the statute of limitations period, there is no genuine issue as to any material fact in this case and defendant's motion for summary judgment was properly sustained under Pa.R.C.P. 1035(b).