## Pollace v. West American Insurance Co.

■■■■■■■■■■■■■■■■■■

*Peter J. Verderame,* for plaintiff.

*William H. Fuss,* for defendant.

GARB, *J.,* December 22, 1982 — We decide herein defendant's 'motion for judgment on the pleadings.

On October 18, 1979, plaintiff filed this suit in both assumpsit and trespass against her no-fault insurance carrier for claims under that policy which the defendant allegedly refused to pay. Preliminary objections were filed to count two, the count in trespass, which were sustained and count two was stricken. Plaintiff took an appeal from that order which was quashed by order of the Superior Court on January 19, 1982. The record was remanded to this court on February 22, 1982 with the direction to proceed on count one of the complaint.

The order sustaining the preliminary objection to count two of the complaint was entered on January 16, 1980. On February 1, 1980, defendant filed an answer and new matter.[1] No reply has been filed to the new matter. More than 20 days having elapsed since the filing of the answer and new matter with-

---

1. Although the chronology of this case may seem peculiar in view of the Superior Court's remand of February 22, 1982, the answer and new matter were filed immediately prior to the perfection of the appeal from our order of January 16, 1980 while the record was still in our prothonotary's office.

out any reply thereto, the averments therein must be accepted as admitted, the pleadings are closed and the matter ripe for disposition on a motion for judgment on the pleadings. Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc., 401 Pa. 337, 164 A.2d 663, (1960).

The complaint alleges that plaintiff was injured while operating her insured motor vehicle on January 24, 1977 as a result of which she made claim upon the defendant for various expenses incurred by her. The answer admits those allegations. The new matter asserts that on or about July 22, 1977, defendant delivered a check to plaintiff in the amount of $1,594.29 payable jointly to her and the Lower Bucks County Hospital. It is further asserted in the new matter that no further payments were made by defendant either to plaintiff or to any third parties for her benefit since July 22, 1977. In view of the fact that the complaint in this matter was filed on October 18, 1979, considering the foregoing assertions as admitted, plaintiff's claim is barred by the applicable Statute of Limitations.

Section 106(c)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act, the Act of July 19, 1974, P.L. 489, Art. I, 40 P.S. 1009.106 et seq provides in relevant part as follows:

"If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivors, by either the same or another claimant may be commenced not later than two years after the last payment of benefits."

Clearly this section of the Act relating directly to time limitations upon actions works a complete bar to any claim made more than two years after the last benefits payment has been made barring some disability in the claimant. See Salvado v. Prudential Property and Casualty Insurance Company, 287 Pa.

Super. 304, 430 A.2d 297 (1981). There is no allegation of any disability relating to plaintiff in this case. Therefore, plaintiff's claim as represented by this lawsuit is barred and judgment on the pleadings must be entered.

## ORDER

And now, this December 22, 1982, it is hereby ordered that judgment on the pleadings be entered for defendant and the complaint is dismissed.