## Thatcher v.
## Pa. National Mutual Insurance Co.

*John S. Cupp,* for plaintiff.
*Joseph M. George,* for defendant.

ADAMS, *J.,* January 21, 1985—The matter before the court is a motion for summary judgment filed on

behalf of Pennsylvania National Mutual Casualty Insurance Company, hereinafter, "defendant." For the reasons hereinafter stated, the motion for summary judgment is granted in part and denied in part.

This is an action under the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq. (hereinafter, the No-fault Act), by a claimant against her primary insurance carrier. Plaintiff, Margaret D. Thatcher, was involved in an automobile accident on May 23, 1981. Claims for no-fault benefits were made by or on behalf of Margaret D. Thatcher and no-fault payments were made to her, or for her benefit, prior to the filing of this action.

On February 9, 1984 the present action in assumpsit against defendant was commenced by plaintiffs, Margaret D. Thatcher, Charles A. Thatcher, III and Cathy Ann Thatcher. Both Charles A. Thatcher, III and Cathy Ann Thatcher are the children of Margaret D. Thatcher, who is their guardian for purposes of this action.

No-fault benefits have never been paid by defendant for either Charles A. Thatcher, III or Cathy Ann Thatcher. No-fault payments have been made to or for the benefit of Margaret D. Thatcher, the last of which was made on July 14, 1981.

Defendant maintains, in support of its motion for summary judgment, that the statute of limitations under the No-fault Act has run against all three plaintiffs, thus barring their claims. . . . Section 106(c)(1) of the No-fault Act contains the pertinent language dealing with the time limitations on actions to recover benefits. That section provides:

"If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years

after the victim suffers the loss and either knows, or in the exercise of reasonable diligence, should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two years after the last payment of benefits." 40 P.S. §1009.106(c)(1).

With respect to plaintiff, Margaret D. Thatcher, who had previously received no-fault payments, this action for further benefit would be barred according to the language of 40 P.S. §1009.106(c)(1). Plaintiffs admit in the answer to new matter that the last no-fault payment made to or for the benefit of Margaret D. Thatcher was made on July 14, 1981. Thus, the present action, having been commenced on February 9, 1984, more than two years after the last payment of benefits, would be barred by the no-fault statute of limitations. See Fibelibus v. State Automobile Insurance Association, 315 Pa.Super. 338, 340, 461 A.2d 1309, 1310-11 (1983); Salvado v. Prudential Property and Casualty Insurance Company, 287 Pa.Super. 304, 430 A.2d 297 (1981).

With respect to the two minors who have not previously made a claim for no-fault benefits, defendant maintains that their claims are likewise barred by the limitation on actions found in section 106(c)(1) of the No-fault Act. Defendant argues that the record shows that the medical bills which plaintiffs are seeking were incurred immediately following the accident. Plaintiffs thus knew or should have known, it is argued, that the injuries and medical bills incurred were allegedly caused by the accident, triggering the two year statute of limi-

tations and barring their claims although made within four years of the date of the accident.

However, as Charles A. Thatcher, III and Cathy Ann Thatcher are minors, the statute of limitations is tolled according to section 106(c)(5) of the No-fault Act which provides:

"If a person entitled to no-fault benefits is under a legal disability when the right to bring an action for the benefits first accrues, the period of his disability is not a part of the time limited for commencement of the action." 40 P.S. §1009.106(c)(5).

In Salvado v. Prudential Property and Casualty Insurance Company, 287 Pa. Super. 304, 308, 430 A.2d 297, 299 (1981), the Pennsylvania Superior Court (per Wieand, J.) held that the term "legal disability" in section 106(c)(5) of the No-fault Act, tolling the commencement of the time period for filing actions by persons under a disability, was intended to include disability attributable to the claimant's minority. The statute of limitations was tolled as to one of the claimants as she was a minor and therefore under a "legal disability." However, as to the other claimants who were not under a legal disability, the statute of limitations was held to be a bar.

Similarly, in the instant case, the statute of limitations is tolled as to Charles A. Thatcher, III and Cathy Ann Thatcher, as they are minors and therefore under a "legal disability" within the meaning of section 106(c)(5) of the No-fault Act. The motion for summary judgment will be denied as to these two claimants.

However, as to Margaret D. Thatcher, who is under no legal disability, the statute of limitations, section 106(c)(1) of the No-fault Act, will bar her claim for additional benefits. Accordingly, the motion for summary judgment is granted in favor of defendant and against plaintiff, Margaret D. Thatcher.