504 A.2d 931

**COMMONWEALTH of Pennsylvania**

v.

**Michael BARANIAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1985.

Filed Jan. 31, 1986.

Joseph B. Policicchio, Somerset, for appellant.

George B. Kaufman, Assistant District Attorney, Somerset, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This case comes before us on appeal from the judgment of sentence entered against Appellant, Michael Baraniak, on May 8, 1984. For reasons hereinafter set forth, we affirm the judgment of sentence for burglary, vacate the judgment of sentence for indecent assault and attempted rape, and remand for resentencing on the conviction for attempted rape.

Appellant contends: (1) that the trial court incorrectly construed 42 Pa.C.S. § 9727 (Disposition of persons found guilty but mentally ill) as mandating the maximum period of probation; (2) that the trial court erred by sentencing Appellant on the charge of indecent assault, which merges with the charge of rape; and (3) that the sentences of incarceration and consecutive probation of long duration are too severe.

Susan Kacsur, the victim of the June 5, 1983 incident, met Appellant in approximately December of 1982. She dated Appellant on several occasions thereafter, but found him to be very possessive, often telephoning her as many as three times a day. At one point Appellant asked Ms. Kacsur to marry him, but she refused his proposal.

At approximately 9:30 p.m. on the evening of June 4, 1983, Appellant paid an uninvited visit to the Kacsur home. Appellant was very upset with Ms. Kacsur, telling her that she was "no good," and "a Daddy's girl" and that she "would never be anything." Appellant stayed approximately 15 minutes, leaving when Ms. Kacsur's parents returned home.

Thereafter, in the early morning hours of June 5, 1983, Appellant climbed through the kitchen window of the Kacsur family home, and entered Ms. Kacsur's bedroom. Upon awakening, Ms. Kacsur observed Appellant standing, almost naked, in her room. Appellant then removed the remainder of his clothing, pinned Ms. Kacsur down, kissed

her, pulled and ripped her clothing and attempted to have intercourse with her.

Hearing her screams, Ms. Kacsur's parents came to her aid. Mr. Kacsur called the Somerset Borough Police, who arrived almost immediately and took Appellant into custody.

Following a jury trial, Appellant was found "guilty but mentally ill"[1] of the offenses of burglary,[2] criminal trespass,[3] attempted rape[4] and indecent assault.[5] The trial judge then molded the verdict to read "guilty but mentally ill" on the charges of burglary and attempted rape.

At the time of sentencing, the court found that Appellant was severely mentally ill, but that he was in remission from that condition and not severely mentally disabled within the meaning of 42 Pa.C.S. § 9727(a).[6] The court found, further, that Appellant was in need of continued treatment on an outpatient basis and sentenced Appellant to four months to two years', less one day, imprisonment on the charge of indecent assault; to twenty years' consecutive probation on the burglary charge; and to ten years' concurrent probation on the attempted rape.

Appellant timely filed a motion for modification of sentence which was, subsequently, denied. This appeal followed.

1. 42 Pa.C.S. § 9727.
2. 18 Pa.C.S. § 3502.
3. 18 Pa.C.S. § 3503(b)(1)(i) and (iii).
4. 18 Pa.C.S. § 3121(1).
5. 18 Pa.C.S. § 3126.
6. 42 Pa.C.S. § 9727(a) provides:
   **§ 9727. Disposition of persons found guilty but mentally ill**
   (a) Imposition of sentence—A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense. Before imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment pursuant to the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the "Mental Health Procedures Act."

Appellant contends that the trial court incorrectly construed Section 9727 as mandating the maximum period of probation. We disagree.

42 Pa.C.S. § 9727(f) provides:

**(f) Probation.—**

(1) If an offender who is found guilty but mentally ill is placed on probation, the court may, upon recommendation of the district attorney or upon its own initiative, make treatment a condition of probation.

(2) Reports as specified by the trial judge shall be filed with the probation officer and the sentencing court. Failure to continue treatment, including the refusal to take such drugs as may be prescribed, except by agreement of the sentencing court, shall be a basis for the institution of probation violation hearings. The period of probation shall be the maximum permitted by law and shall not be reduced without receipt and consideration by the court of a mental health status report like that required in subsection (c).

(3) Treatment shall be provided by an agency approved by the Department of Public Welfare or, with the approval of the sentencing court and at individual expense, by private agencies, private physicians or other mental health personnel. A mental health status report, containing the information set forth in subsection (c), shall be filed with the probation officer and the sentencing court every three months during the period of probation. If a motion on a petition to discontinue probation is made by the defendant, the probation officer shall request a report as specified from the treating facility.

■ When interpreting a statute we are guided by the "plain meaning" rule of construction. 1 Pa.C.S. § 1903; *Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980). The plain words of a statute cannot be disregarded where the language is free and clear from all ambiguity. *Hyser v. Allegheny County*, 61 Pa.Commw. 169, 434 A.2d 1308 (1981).

■ Section 9727(f)(2) clearly states that "[t]he period of probation shall be the maximum permitted by law...." It is Appellant's position, however, that the requirement of maximum probation set forth by Section 9727(f)(2) is tailored for those situations where the mental status, prognosis and future of the offender are uncertain and that, in such cases, probation of long duration allows the court the opportunity to follow the progress of the defendant and to discontinue probation when the court determines that the offender can function in society without court supervision.

Foremost among the rules of statutory construction is the rule that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). *See also Chesler v. Government Employees Insurance Company,* 302 Pa.Super. 356, 448 A.2d 1080 (1982). However, where, as here, the words of the statute are clear and free from ambiguity, the letter of that statute may not be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). *See also Salvado v. Prudential Property and Casualty Insurance Company,* 287 Pa.Super. 304, 430 A.2d 297 (1981).

Section 9727(f)(2) unambiguously provides that the period of probation *shall* be the maximum permitted by law. The word "shall" is generally regarded as imperative, *Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County,* 417 Pa. 299, 208 A.2d 271 (1965), although it can also, at times, be regarded as directory. *Matter of Columbia Borough,* 24 Pa.Commw. 190, 354 A.2d 277 (1976).

While the word "shall" might, in a proper setting, be interpreted as permissive, the word "may" can never be given the imperative meaning. *Weiner v. Hospital Service Plan of the Lehigh Valley,* 187 Pa.Super. 244, 144 A.2d 575 (1958). Thus, a closer look at Section 9727(f) demonstrates that under Section 9727(f)(1), "[i]f an offender who is found guilty but mentally ill is placed on probation, the court *may* ... make treatment a condition of probation;" and, under

Section 9727(f)(2), "[f]ailure to continue treatment, including the refusal to take such drugs as *may* be prescribed, except by agreement of the sentencing court, *shall* be a basis...." (Emphasis added.) In view of the legislature's careful use of the terms "may" and "shall" in the very section, and subsection, in question it seems clear, and thus we hold, that the inclusion of "shall," when referring to the obligation of the court to assign the maximum period of probation permitted by law, was intended to convey the lack of court discretion in that regard. *See Zimmerman v. O'Bannon*, 497 Pa. 551, 442 A.2d 674 (1982).

Having determined that the court was obligated to impose the maximum period of probation permitted by law, we look to see whether the probationary terms ordered by the court were, in fact, proper.

■ Burglary is a felony of the first degree, 18 Pa.C.S. § 3502, punishable by a term of imprisonment not to exceed twenty years. 18 Pa.C.S. § 1103(1). Attempted rape is a felony of the second degree, 18 Pa.C.S. §§ 3121, 905(a), punishable by a term of imprisonment not to exceed ten years. 18 Pa.C.S. § 1103(2). Probationary terms may not exceed the maximum term for which a defendant could be confined. 42 Pa.C.S. § 9754(a); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Thus, in the instant case, the terms of probation imposed upon Appellant by the trial court—twenty years' probation on the conviction for burglary and ten years' concurrent probation on the conviction for attempted rape—were entirely in keeping with the mandate of 42 Pa.C.S. § 9727(f)(2), that the period of probation, where treatment has been ordered, shall be the maximum permitted by law.

Because we have concluded that the maximum period of probation permitted by law is mandatory, we need not address Appellant's contention that evidence presented at the sentencing hearing should have been sufficient to enable the court to impose a shorter probationary period. Nor do we reach any conclusion with regard to what type of

"report as specified by the trial judge" may be necessary to satisfy the mandate of Section 9727(f)(2).

■ Appellant also contends, and the Commonwealth agrees, that the trial court erred when it sentenced Appellant on the charge of indecent assault which merges with, and is a lesser included offense of, attempted rape. We agree. *See Johnson v. Commonwealth,* 499 Pa. 380, 453 A.2d 922 (1982); *Commonwealth v. Flynn,* 314 Pa.Super. 162, 460 A.2d 816 (1983). Appellant suggests that the indecent assault sentence should be stricken off, and the attempted rape sentence affirmed, so that the sentence would be simply a term of probation of ten years concurrent with the probationary term imposed as to the burglary charge. Appellant offers no support for such a proposition, however. We agree with the trial court that the motion for modification of sentence on this ground should have been granted by vacating the sentences on indecent assault and attempted rape and, instead, sentencing Appellant on the charge of attempted rape to a term of incarceration of not less than 4 months nor more than 2 years less one day, thus resulting in the same aggregate sentence on all charges. *See* Opinion, 1/10/85 at 2–3. *See also Commonwealth v. Brown,* 290 Pa.Super. 448, 434 A.2d 838 (1981). We, therefore, vacate the judgment of sentence imposed upon Appellant for indecent assault and attempted rape, and remand for resentencing on the conviction for attempted rape.

Appellant argues, finally, that the sentences of incarceration and consecutive probation of long duration were too severe, given Appellant's lack of a prior criminal record, his mental condition at the time of the offense and testimony at sentencing regarding the effect of such a sentence upon Appellant's then mental condition.

We are vacating the judgment of sentence for indecent assault and attempted rape, and remanding for resentencing on the conviction for attempted rape; we, therefore, take no position regarding Appellant's contention that the sentence of incarceration for indecent assault, and consecutive sentence of probation for attempted rape, were too

severe. Regarding the sentence of probation for burglary, we have herein held that, according to the mandate of Section 9727(f)(2), the court was obligated to impose the maximum period of probation permitted by law. This the court did. However, pursuant to Section 9727(a), the court could have sentenced Appellant to a term of incarceration on the conviction for burglary. The court, in its discretion, did not do so. We fail to perceive that, under the circumstances, the sentence of probation imposed upon Appellant was too severe.

Judgment of sentence for burglary is affirmed. Judgment of sentence for indecent assault and attempted rape is vacated, and the case is remanded for resentencing on the conviction for attempted rape.