**MILIAMA PASESA, individually and as next friend of SERINA PASESA, Plaintiff**

**v.**

**TUILUA T. LAUMATIA, Defendant**

High Court of American Samoa
Trial Division

CA No. 67-93

May 18, 1995

Before KRUSE, Chief Justice, and BETHAM, Associate Judge.

Counsel:     For Plaintiff, Cheryl Crenwelge
             For Defendant, Albert Mailo

Order Denying Motion for Reconsideration:

## BACKGROUND

On November 16, 1990, Miliama Pasesa ("Miliama") as Guardian Ad Litem for Serina Pasesa ("Serina") brought an action, docketed CA 102-90, on behalf of Serina against Tuilua T. Laumatia ("Laumatia"), Laau *Liufai and Insurance Company of the Pacific, Inc., seeking damages for* physical injuries suffered on February 9, 1990, as the result of a car accident involving Laumatia.

On February 18, 1993, this court approved a settlement in CA 102-90 and dismissed the action as to Laau Liufai, the owner of the vehicle Laumatia was driving, and Insurance Company of the Pacific, Inc., the insurer of the vehicle. On June 4, 1993, this court approved the stipulation of the parties to dismiss the action as to Laumatia without prejudice.

Subsequently, on June 23, 1994, Serina, through her Guardian Ad Litem Miliama, filed this action against Laumatia for her injuries sustained in the

February 9, 1990 car accident. On December 6, 1994, Laumatia filed a motion to dismiss on the grounds that the matter was barred by the statute of limitations, A.S.C.A. § 43.0120(2).[1]

On January 18, 1995, we issued an Order granting the motion to dismiss, concluding that the previous appointment of a guardian ad litem in CA 102-90,[2] resulted in the termination of Serina's disability, for purposes of any claims she may have had as a result of the February 9, 1990 car accident and the running of a statute of limitations. On January 27, 1995, plaintiff filed a motion for reconsideration.

## DISCUSSION

The issue presented for reconsideration is whether the appointment of a guardian ad litem, which allows a minor to commence an action, effectively terminates the minor's disability for purposes of the statute of limitation.

The general rule is that a statute of limitations will ordinarily run against the claims of minors in the absence of a contrary statute or provision. *Vance v. Vance*, 108 U.S. 514 (1983). Minors are not afforded any special rights under the Constitution or by any general doctrine of law; but it is within the discretion of state legislatures to make exceptions to the general rule. *Id.* Most state legislatures have passed statutes that toll the running of a limitation period against minors' claims until they reach the age of majority or their disability under the law is terminated. In American Samoa, for instance, the Fono has enacted legislation stating, "Minors and insane persons shall have 1 year from the termination of such disability within which to commence any action regardless of any other applicable limitation period." A.S.C.A. § 43.0126.

Although plaintiffs filed this action over three years after the date of the accident, they assert that it is not barred by statute of limitations because Serina, as a minor, is governed by the provisions of A.S.C.A. § 43.0126. We must now determine, under this statute, when a minor's disability is

---

[1] A.S.C.A. § 43.0120(2) states in relevant part that "actions founded on injuries to the person . . . whether based on contract or tort, or for a statutory penalty, [must be brought] within two years [after their causes accrue]."

[2] Miliama has been appointed Guardian Ad Litem for Serina on two occasions. First, on November 16, 1990, the date CA 102-90 was filed, and second, on June 23, 1994, the date this action was filed.

terminated.

■ Disability under the law quite clearly ceases when a minor reaches the age of majority or is otherwise earlier emancipated through marriage. Additionally, a minor is no longer under disability, for statute of limitation purposes, when a guardian ad litem is named. In each of the above situations, the minor has gained the necessary legal capacity to commence an action and is thus no longer prevented from suing.

The purpose of a statute which tolls the statute of limitations during a party's disability is to suspend limitations with respect to persons who have no access to the courts. *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 157-58 (Tex. 1980). Disability includes practical as well as legal incapacity to sue. *Id.* Since the appointment of a guardian ad litem removes a minor's incapacity to sue, it allows the minor to gain access to the courts, thus removing the disability.

In dicta, this court has suggested that "since a minor is no longer prohibited from bringing a law suit once a guardian ad litem has been appointed for him, it would seem that the statute of limitations began to run on [the date of appointment] at the very latest." *Lutu v. American Samoa Gov't*, 7 A.S.R. 2d 61, 63, n. 2 (Trial Div. 1988). In *Lutu*, the guardians filed suit on the same day they were appointed; thus, the court was not required to decide if the statute of limitations began to run. Since Serina filed this action over two years after her original appointment as guardian,[3] we must now decide whether a claim by a minor, for whom a guardian has been appointed, is barred when the action is filed more than one year after the date of appointment.

Black's Law Dictionary, 4th edition, defines the term "legal disability" as "[t]he want of legal capability to perform an act" and "incapacity for the full enjoyment of ordinary legal rights; thus persons under age, . . . are said to be under disability." This definition was adopted by the Pennsylvania Superior Court in *Salvado v. Prudential Property and Casual Ins. Co.*, 430 A.2d 297, 298-99 (Penn. 1981). Despite a strong dissent, the court in *Salvado* held that the statute of limitations did not run against a minor due to the strict language of the Pennsylvania No-Fault Insurance Act which stated that "the period of [the minor's] disability *is*

---

[3] Even if the running of the limitation period is tolled between the date plaintiff filed CA 102-90 and the date it was dismissed, it was still 1 year, 9 months and 24 days from the appointment of a guardian until this action was filed, which is not in accordance with the one year limitation period prescribed in A.S.C.A. § 43.0126.

*not a part of the time* limited for commencement of the action." *Id*. at 299 (emphasis added). At the same time, the Supreme Court of Pennsylvania has noted that "the statute of limitations will run against persons under a disability, including minors, . . . [and] the legislature can at any time, that it see fit, reestablish an exclusion of persons under disability from the operation of the statute of limitations." *Walters v. Ditzler*, 227 A.2d 833, 835 (Penn. 1967). In *Salvado*, the court applied the Pennsylvania No-Fault Insurance Act, which was passed by its legislature, but such restrictive language in the Pennsylvania No-Fault Insurance Act specifically excluding minors is, on the other hand, not to be found in A.S.C.A. § 43.0126.

Other jurisdictions have allowed the statute of limitations to run against a minor once a guardian ad litem is appointed. For instance, under Colorado law, a limitation period does not begin to accrue for a minor until "after the disability is removed." COLO. REV. STAT. ANN. § 13-80-116. The Colorado statute, which is similar to A.S.C.A. § 43.0126, only allows minors two years after reaching the age of majority to bring an action when "no legal representative has been appointed for him." C.R.S.A. § 13-81-103(1)-(3). *McKinney v. Armco Recreational Prods., Inc.*, 419 F. Supp. 464, 465-66 (D.C. Colo. 1976).; *Price v. Sommermeyer*, 603 P.2d 135, 138 (Colo. 1979).

In Colorado, if a person under disability is appointed a guardian or a legal representative prior to the termination of such disability, the applicable statute of limitations shall run against such person with the same effect as it runs against a person not under disability. *Id.;* *McClanahan v. American Gilsonite Co.*, 494 F. Supp. 1334, 1339 (D.C. Colo. 1980).

North Carolina law also permits a "statute of limitations to run against the a minor plaintiff's claim upon appointment of his guardian ad litem," *Anderson v. Canipe*, 317 S.E.2d 44, 47 (N.C. 1984); *Lane v. Aetna Casualty & Surety Co.*, 269 S.E.2d 711 (N.C. 1980) (statute of limitations begins to run against a minor either upon the appointment of a guardian or removal of the age of disability, whichever occurs first), especially since the legal guardian is appointed by the court and charged with the duty of bringing suit on the minor's behalf. *Genesco, Inc. v. Cone Mills Corp.*, 604 F.2d 281, 284-86 (4th Cir. 1979). The *Genesco* court further held that the statute of limitations begins to run against a minor on the date a guardian ad litem is appointed and reasoned that "since an infant, who is represented by a guardian, has the capacity, despite his infancy, to bring suit through his guardian, there is no need to suspend the running of the statute of limitations." *Id*. at 285.

In the case before us, Miliama was appointed guardian ad litem on behalf of Serina. A compelling reason for this appointment was to allow Miliama to bring an action on Serina's behalf. This is evident by the fact that both times Miliama was appointed guardian ad litem for Serina, she filed suit on behalf of Serina the same day.

We recognize that courts in other jurisdictions have held that a statute of limitations will toll until a minor reaches the age of majority, regardless of whether a guardian ad litem is appointed, but these cases can be easily distinguished from the action before us. For example, in California, it has been held that "the appointment of a guardian has no effect upon the tolling of the statute of limitations as to a cause of action accruing to or vesting in a minor." *Aronson v. Bank of America N.T. & S.A.*, 109 P.2d 1001, 1007 (Cal. 1941). The rationale behind this holding is explained by the restrictive language of the relevant California statute. In California, if a person entitled to bring an action is, "at the time the cause of action accrued, either: 1. Under the age of majority . . . the time of such disability is not a part of the time limited for commencement of action." Title 2, Cal. Code of Civil Procedure, § 352(a).

A.S.C.A. § 43.0126 is clearly distinguishable from the California statute because § 43.0126 states that "minors shall have one year after the termination of such disability", whereas the California statute unqualifiedly proscribes that "the time of disability is not a part of the time limited for commencement of action." In other words, there is absolutely no running of limitations for a minor in California, whereas, in American Samoa the language of the statute permits the limitation to run when the disability of a minor is terminated.

California courts have thus held that the running of a limitations period is against the public policy to protect the rights of a minor. *Williams v. Mariposa County Unified School*, 147 Cal.Rptr. 452, (Cal. 1978). The *Williams* court reasoned that the rights of a minor to recover damages should not be forfeited by the failure or neglect of a third party guardian to bring an action on behalf of a minor since the minor has no effective control over the guardian's actions. *Id.* Likewise, the Illinois courts have held that "a minor's claim is not barred by limitations until two years after obtaining majority, even though guardian ad litem has been appointed for minor." *Eiseman v. Lerner*, 380 N.E.2d 1033, 1033-34 (Ill. 1978) (action brought by guardian on minor's behalf was not barred even though the estate in dispute had been completed for six years). The *Eiseman* court reasoned that the public policy in Illinois is to protect the rights of minors, unless clearly disbarred by some relevant statute, and these rights should

41

not be jeopardized by the failure of a guardian to timely file suit on minor's behalf. Since Miliama filed an action on Serina's behalf and settlement was reached, Serina's rights were not forfeited and her "day in court" was not jeopardized.

Also, under New Jersey law, the statute of limitations fails to run against a minor who brings an action through a guardian, discontinues it, then brings a successive action up until two years after attaining the age of majority. *Snare & Triest Co. v. Friedman*, 169 F. 1, 6 (3rd Cir. 1909). The New Jersey statute permitted a minor to bring an action until two years after turning twenty-one, but did not state the language "or until such time as the disability is removed or terminated." Therefore, it is distinguishable from A.S.C.A. § 43.0126.

Finally, plaintiffs cite *Keating v. Michigan Central Railroad Co.*, 53 N.W. 1053, 1054 (Mich. 1892), for the proposition, adopted by the Supreme Court of Michigan, that the disability mentioned in the law is the status of being a minor and that it is not removed until the minor turns the age of majority;[4] and a statute of limitations does not run against the minor, even if a suit is commenced by an appointed guardian. Although we take note of the position of the Michigan Court, in light of *Lutu* and other court decisions in jurisdictions with statutes similar to A.S.C.A. § 43.0126, we are not persuaded by the holding in *Keating*, especially since Serina was able to bring suit and recover damages in settlement.

## ORDER

■ A.S.C.A. § 43.0120(2) begins to run against a minor when a guardian ad litem is appointed and files suit on her behalf. The minor's disability is removed and her right to a "day in court" is protected. Plaintiff's motion for reconsideration is, therefore, denied.

It is so ordered.

■

---

[4] In Michigan, the relevant law is similar to § 43.0126 in stating that a minor may bring an action within the prescribed time period "after the disability is removed."