447 A.2d 1017

**Loretta PLATTS, Appellant,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 7, 1982.

Filed July 9, 1982.

Daniel L. Thistle, Philadelphia, for appellant.

David M. McCormick, Philadelphia, submitted a brief on behalf of appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

CIRILLO, Judge:

■ This is an appeal from an order of the lower court granting appellee's motion for summary judgment. Appellant contends that the statute of limitations contained in the No-Fault Motor Vehicle Insurance Act[1] should not have been applied to bar her claim. We disagree and, therefore, affirm the order of the lower court.[2]

The facts which gave rise to the instant appeal are as follows: On January 1, 1976, appellant was injured in a motor vehicle accident. She was insured at the time under a No-Fault policy issued by Government Employers Insurance Company (hereinafter Geico), the appellee herein. Appellant, who was represented by counsel, promptly submitted claims for payment of basic loss benefits to Geico. All of her requests, which included claims for work loss benefits and medical expenses, were honored. She received her last payment on February 25, 1977. For over two years after this date, appellant received medical care on a regular basis due to injuries she sustained in the accident. In addition, she was forced to retire from her job on March 8, 1977 because of the nature of these injuries. Neither appellant nor her attorney, however, submitted claims to Geico to recover additional loss benefits.

In January and July of 1979, appellant's physicians informed her attorney that several of her medical bills for care rendered over the past two years, had not been paid. On July 10, 1979, appellant submitted claims to Geico to recover these expenses and additional work loss benefits that she had not collected since February 25, 1977. On September 5,

1. Act of July 19, 1974, P.L. 489, No. 176, Art. 1, § 101, 40 P.S. § 1009.101 et seq.

2. In construing the provisions of the No-Fault, we are mindful of our obligation to follow established rules of statutory construction under which we are not permitted to disregard the clear and unambiguous language of the Act on the pretext that its literal interpretation will frustrate its spirit. Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.Con.Stat.Ann. § 1921(b).

1979, Geico informed appellant that it would not honor these claims because they were submitted beyond the statutory period provided for in the No-Fault Act. Appellant instituted the present action on September 25, 1979, to recover payment on these claims and for attorney's fees. A motion for summary judgment filed on behalf of Geico was granted, and this appeal followed.

Section 106(c)(1) of the No-Fault Act provides, in pertinent part, "If No-Fault benefits have been paid for losses arising otherwise from death, an action for further benefits, other than survivors' benefits, by the same or another claimant; may be commenced *not later than two years after the last payment of benefits.*[3] (emphasis added).

■ The purpose of any statute of limitations is to expedite litigation and discourage delay and the presentation of stale claims. *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728, 729 (1971). One who asserts a cause of action against another has a duty to use all reasonable diligence necessary to inform himself of facts and circumstances upon which the right of recovery is based, and to institute the suit within the statutory period. *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267 (1963).

■ Appellant advances two arguments in support of her contention that the statute of limitations contained in the No-Fault Act should not be applied to bar her claim. First, she avers that it does not apply to her claim for medical expenses because they did not accrue until her physicians notified her attorney that her bills had not been paid. We disagree.

The No-Fault Act clearly provides that loss is accrued when it is sustained. 40 P.S. § 1009.106(a)(1). *See also, Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629, 632 (1980). Appellant received medical treatment for over two years under circumstances in which she could reasonably

**3.** Act of July 19, 1974, P.L. 489, No. 176, Art. 1, § 106, 40 Pa.Con. Stat.Ann. § 106(c)(1). In the instant case, the statutory period expired on February 25, 1979. Appellant instituted the present action approximately seven months later.

anticipate that compensation would be expected. *See, e.g. Colish v. Goldstein*, 196 Pa.Super.Ct. 188, 193, 173 A.2d 749 (1961). Therefore, appellant sustained losses when she accepted the medical treatment.[4] Her doctor's notification merely informed her of the amount she owed for medical treatment.

Geico's refusal to pay these bills is actionable subject to the time limitations expressed in § 1009.106(c). *See, Sachritz v. Pennsylvania National Mutual Casualty Co.*, 293 Pa.Super.Ct. 483, 485 n. 4, 439 A.2d 678, 680 n. 4 (1981). Appellant has advanced no arguments that would justify excepting her claim from the statute of limitations. Therefore, her claim for additional medical expenses is barred. *Salvado v. Prudential Property and Casualty Insurance Co.*, 287 Pa.Super.Ct. 304, 430 A.2d 297, 299 (1981).

■ Secondly, appellant contends that the statute of limitations is inapplicable to her claim for work loss benefits because Geico failed to give her the required notice that it had rejected her claim until the statutory period had run.[5] This argument is also without merit. Appellant admitted that she did not submit a claim for additional work loss benefits until after the statute of limitations had run. Under these circumstances Geico could not have given her notice before the statutory period expired. Moreover, appellant has not satisfactorily explained her failure to submit timely claims for work loss benefits. Therefore, she cannot

**4.** A case interpreting the New Jersey Automobile Reparation Reform Act reached a similar result. In *Montag v. Bergen Bluestone Co.*, 145 N.J.Super.Ct. 140, 366 A.2d 1361, 1366 (1976), it was held that a cause of action for a claim of medical expenses under New Jersey's No-Fault Act accrued on the date that the plaintiff learned that medical treatment would be necessary.

**5.** 40 Pa.Con.Stat.Ann. § 1009.106(a)(2) provides that [No-Fault Benefits are overdue if not paid within 30 days] "after the receipt by the obligor or of each submission of reasonable proof of the fact and amount of the loss sustained...."

Section 1009.106(a)(5) provides that "[a]n obligor who rejects a claim for basic loss benefits shall give the claimant written notice of the rejection ... Such notice shall specify the reason for such rejection and inform the claimant of the terms and conditions of his right to obtain an attorney."

be permitted to recover them at this late date. *Salvado,* 287 Pa.Super. 309, 430 A.2d at 299.

██ Finally, appellant requests that she be awarded attorney's fees in accordance with § 107(3) of the No-Fault Act.[6] Attorney's fees cannot be awarded to appellant, however, because Geico had a reasonable basis for refusing to honor her claim. *Hayes v. Erie Insurance Exchange,* 493 Pa. 150, 425 A.2d 419, 424 (1981). *See also, Smith v. Harleysville Insurance Co.,* 275 Pa.Super.Ct. 246, 418 A.2d 705, 706 (1980).

Order affirmed.

---

6. Section 107(3) provides, "If, in any action, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended. Act of July 19, 1974, P.L. 489, No. 176, Art. 1, § 107, 40 Pa.Con.Stat.Ann. § 1009.107(3).