461 A.2d 1309

**Angela FIDELIBUS, Appellant**

v.

**STATE AUTOMOBILE INSURANCE ASSOCIATION.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1983.

Filed June 24, 1983.

James A. Hamilton, III, Philadelphia, for appellant.

James C. Haggerty, Philadelphia, for appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

CAVANAUGH, Judge:

In this case, the appellant, Angela Fidelibus, was injured in a motor vehicle accident on January 28, 1976. Her no fault automobile insurance carrier was State Automobile Insurance Association, the appellee herein. The appellant claimed basic loss benefits from the appellee and payments were made by the appellee until March 3, 1978, when the last payment was made. Subsequently, the appellant made a further claim against the appellee, which claim was not paid. On August 1, 1980, the appellant filed a complaint in assumpsit against the appellee. The court below granted the appellee's motion for summary judgment and the appellant has appealed to this court from the order granting the motion.

Summary judgment is to be granted only in the clearest of cases, where the right is clear and free from doubt. *Thompson Case Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). Under Pa.R.C.P. 1035(b) summary judgment may be granted only if there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." In the instant case there is no dispute as to material facts, and our inquiry is limited to the legal question of interpreting the statute of limitations as set forth in the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq. The court below granted summary judgment on the basis of the following statute of limitations set forth in the no-fault act at 40 P.S. § 1009.106(c)(1) which states:

(c) **Time limitations on actions to recover benefits.—**

(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising

otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

There is no doubt that the appellant claimed additional no-fault benefits more than two years after the last payment of such benefits. The court below properly determined that the instant claim was barred by the no-fault statute of limitations. *Platts v. Government Employees Insurance Company.* 301 Pa.Super. 379, 447 A.2d 1017, 1018 (1982) strictly applied the statute of limitations that we are dealing with in this case and the court stated at 301 Pa.Super. 382, 447 A.2d 1018:

The purpose of any statute of limitations is to expedite litigation and discourage delay and the presentation of stale claims. *Insurance Company of North America v. Carnahan,* 446 Pa. 48, 284 A.2d 728, 729 (1971). One who asserts a cause of action against another has a duty to use all reasonable diligence necessary to inform himself of facts and circumstances upon which the right of recovery is based, and to institute the suit within the statutory period. *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267 (1963).

*Salvado v. Prudential Property and Casualty Insurance Company,* 287 Pa.Super. 304, 430 A.2d 297 (1981) also dealt with the statute of limitations provision found in the instant case. No-fault benefits were paid and the last payment was made on November 18, 1976. On April 27, 1979, a claim was made for additional benefits which the carrier refused to pay. An action in assumpsit was commenced and the court below granted summary judgment. In that case it was held that the statute of limitations was tolled as to one of the claimants as she was a minor and therefore under a "legal disability" as defined in § 106(c)(5) of the Act. However, as to the other claimants who were not under a legal disability the statute of limitations was held to be a bar. The court stated at 287 Pa.Super. 309, 430 A.2d 300:

However, we reject appellants' argument that the payment of additional benefits to the minor claimant will establish a new two year period within which adult claimants can also seek additional benefits.  These claimants were under no disability, and there is no valid reason for tolling the period of limitations to permit their claims for additional benefits.  The two year period within which to commence one or more actions therefor began to run on November 18, 1976, when the last payment of benefits was made.  After the expiration of that period, claims for additional benefits by persons under no legal disability were barred.

The principal thrust of the appellant's argument is that the statute of limitations set forth in the statute is not mandatory and further that it favors the insurance company over the victim, whereas the act is intended to benefit the victim.  We, of course, may not disregard the clear language of the statute in order to arrive at a conclusion that may be in keeping with the spirit of the act.  *See Platts v. Government Employees Insurance Company, supra.*

Finally, the Supreme Court has recently interpreted the statute of limitations found in § 106(c)(1) of the No-Fault Act in *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company,* 500 Pa. 167, 455 A.2d 101 (1982), reargument denied on February 16, 1983.  In that case Mr. Sachritz was injured in an automobile accident on September 5, 1975 and died on August 16, 1976.  The administratrix received payment under no-fault on February 28, 1977.  A further claim was filed more than two years after February 28, 1977, and denied.  On July 23, 1979, the administratrix sued for additional benefits.  Summary judgment was granted by the court below in favor of the insurance carrier as the claim was barred by the statute of limitations.  The Superior Court affirmed in *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company,* 293 Pa.Super. 483, 439 A.2d 678 (1981).  An appeal was taken to the

Supreme Court which affirmed and stated at 500 Pa. 167, 168, 455 A.2d 101, 102 (1982):

In this case the Superior Court held appellant's claim for "post-mortem" work loss benefits was barred by the two year statute of limitations in Section 106(c)(1) of the No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176 §§ 101–701, 40 P.S. §§ 1009.101– 1009.701 (Supp.1982). We granted review to consider the applicability of the limitations provisions of Sections 106(c)(1) and 106(c)(2) of the Act to the various types of no-fault benefits the legislature has provided in partial replacement of traditional tort damages for personal injury arising out of the operation of automobiles. Upon such review we have concluded that the legislature has provided comprehensive statutes of limitations in Sections 106(c)(1) and 106(c)(2), covering all no-fault benefits by drafting these sections on analogy to the statutes of limitations on traditional tort actions for personal injuries under our law, including survival actions and actions for wrongful death. Since appellant's claim for "post-mortem" work loss benefits is barred by Section 106(c)(1) of the Act, we affirm the Superior Court.

The court further stated at 500 Pa. 176–77, 455 A.2d 106:

Returning now to the provisions of Section 106(c) of the No-fault Insurance Act, we find that the second sentence in Section 106(c)(1): "If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits" has provided appellant in this case with an extension of time from the old period of two years after the injury was done to a period "not later than two years after the last payment of [no-fault] benefits," i.e. till February 29, 1979 instead of August 16, 1978.

■ There is no doubt that the statute of limitations set forth in § 106(c)(1) is mandatory and is a bar to the appel-

lant's action in this case. Accordingly, summary judgment was properly entered by the court below.

Order affirmed.