## Hausmann v. Allstate Insurance Co.

*James H. Gorbey, Jr.,* for plaintiff.
*Michael R. Bradley,* for defendant.

LEVY, *J.,* November 16, 1983—The matter before the court is defendant's motion for summary judgment.

The record papers in this case disclose that on August 13, 1977, plaintiff was injured in a motor vehicle accident at the International Airport in Vancouver, British Columbia, Canada. At the time of

the accident, plaintiff was insured under a policy issued by defendant Allstate. As a result of the accident, plaintiff sustained physical injuries and she applied to defendant for no-fault benefits in the nature of lost income and payments for medical care. Defendant proceeded to pay benefits to plaintiff under the terms of the policy until June 5, 1979 at which time the last payment was made. Plaintiff alleges that after June 15, 1979, she continued to incur various expenses resulting from the injuries sustained in the 1977 accident, and that these expenses qualify as "allowable expenses" under the terms of the Pennsylvania No-fault Motor Vehicle Insurance Act, 1974, July 19, P.L. 489, 40 P.S. § 1009.101 et seq. Upon defendant's refusal to pay further benefits, plaintiff instituted the instant action on July 12, 1982 seeking to collect additional no-fault benefits. In its new matter filed in response to plaintiff's complaint, defendant asserts that plaintiff's action was filed beyond the time permitted for such actions under the No-fault act and it therefore contends that the action is barred by the statute of limitations in the act. In her reply to defendant's new matter, plaintiff contends that her action was commenced within the time required by the statute of limitations. Defendant then filed its motion for summary judgment.

Summary judgment may be granted only in cases where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. Fitzpatrick v. Shay,      Pa. Super.     , 461 A.2d 243 (1983). Affirmative defenses, including the defense of statute of limitations, may serve as a valid basis for the entry of summary judgment. See Keating v. Zemel, 281 Pa. Super. 129, 421 A.2d 1181 (1980); Salvador v. Atlantic Steel Boiler Company, 256 Pa. Super. 330, 389 A.2d 1148

(1978); Standard Pennsylvania Practice 2d, Volume 6, §32:8, page 212.

Reference to the No-fault Act reveals that time limitations on actions to recover benefits are set forth in Section 106(c) of the Act and found at 40 P.S. §1009.106(c) Subsection (1) of section (c) states as follows:

If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefore may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for any further benefits, other than survivor's benefits, by either the same or another claimant; (sic) may be commenced not later than two years after the last payment of benefits.

There is no dispute between the parties that following the accident, Defendant paid Plaintiff no-fault benefits until June 15, 1979. Defendant contends that in view of this fact an action for any further benefits had to be commenced within two years of its final benefit payment, or by June 15, 1981. Since Plaintiff did not file the instant action until July 12, 1982, Defendant contends that the action is barred by operation of the statute of limitations found in Section 106(c) (1) of the No-fault Act. Plaintiff contends that under that section, the time period for filing her action seeking further benefits did not begin to run until "after her various losses accrued." Plaintiff asserts that her losses did not "accrue" until such time as she again sought medical treatment and suffered work loss which, according to the Plaintiff, did not occur until 1980,

and thus the two year statute of limitations did not begin to run until such time. She therefore contends that the instant action is not barred.

Section 106(c) (1) of the No-fault Act consists of two sentences. The first sentence sets forth time limitations for filing an action to recover benefits "if no-fault benefits have not been paid." In view of the fact that both parties agree that no-fault benefits have been paid, the first sentence of Section 106(c) (1) is obviously not applicable in this case. The second sentence of Section 106(c)(1) sets forth the time limitations for commencing actions for further benefits where no-fault benefits have been paid to an insured for loss arising otherwise than from death. This sentence of the section is applicable to and controls the disposition of the instant case. See McGlade v. Ohio Casualty Insurance Company, 18 D. & C. 3d 676 (1980), aff'd. per curiam by the Superior Court. As previously set forth, the second sentence of Section 106(c)(1) requires that actions for further benefits be commenced "not later than two years after the last payment of benefit". Defendant made its last benefit payment to plaintiff on June 15, 1979. Plaintiff did not file the instant action until July 12, 1982. On the basis of these facts and the clear and unambiguous language of the No-fault Act, we are constrained to hold that plaintiff's action is barred by the two year statute of limitations set forth in Section 106(c)(1). Plaintiff, however, suggests that we ignore the plain meaning of the statute and hold that the two year period of limitations for actions seeking further benefits does not begin to run until the insured "accrues" further losses. This suggested interpretation is contrary to that given Section 106(c)(1) by the courts. In the case of Sachritz v. Pennsylvania National Mutual Casualty Insurance Company, 500 Pa. 167, 455

A.2d 101 (1982), Plaintiff's decedent was injured in an automobile accident on September 5, 1975 and died on August 16, 1976. The administratix of his estate filed a claim under the No-fault Act with the decedent's insurance carrier for no-fault benefits. The insurance carrier made payment of the claim on February 28, 1977. More than two years later, the administratrix filed a claim for further no-fault benefits and the claim was refused. The administratix then filed an action against the decedent's insurance carrier seeking payment of further benefits. The carrier filed a motion for summary judgment contending that the action was barred by operation of the statute of limitations contained in Section 106(c)(1) of the Act and the motion was granted. The administratrix appealed the granting of the motion for summary judgment and the Superior Court affirmed in Sachritz v. Pennsylvania National Mutual Casualty Insurance Company, 293 Pa. Super. 483, 439 A.2d 678 (1981). On appeal to the Supreme Court, that court affirmed the judgment of the Superior Court and held that under Section 106(c)(1), appellant had two years from the time of the last payment of benefits by the insurance carrier in which to commence an action for further benefits.

In Fidelibus v. State Automobile Insurance Association, Pa. Super. , 461 A.2d 1309 (1983), Plaintiff was injured in an automobile accident on January 28, 1976.

Upon the making of an application, plaintiff's insurance carrier paid no-fault benefits until March 3, 1978 when the last payment was made. Plaintiff made a further claim for benefits, but the claim was refused. Plaintiff then filed a complaint against the insurance carrier on August 1, 1980 seeking to recover further no-fault benefits. The insurance carrier filed a

motion for summary judgment on the basis that plaintiff's claim was not filed within two years of its last payment of benefits as required by section 106(c)(1) of the act, and the court granted the motion. On appeal, the Superior Court affirmed the granting of the motion for summary judgment and held that the two year statute of limitations contained in the second sentence of Section 106(c)(1) was mandatory, and thus barred the action. Plaintiff attempts to distinguish the instant cases from Fidelibus by stating that the facts in Fidelibus do not indicate that the no-fault claimant "suffered a recurrence or flare-up as the Plaintiff in the instant case". We are of the opinion that this superficial factual distinction is of no legal significance and that the holding in Fidelibus is both controlling and dispositive of the instant case. In view of the clear and unambiguous language of Section 106(c)(1) of the act and the holdings in Sachritz, supra, and Fidelibus, supra, we conclude that the instant action was commenced beyond the time permitted by the No-fault Act. We therefore enter the following

## ORDER

And now, this November 16, 1983, upon consideration of defendant's motion for summary judgment, plaintiff's answer thereto and memoranda of law submitted by counsel, it is ordered that said motion shall be and the same is hereby granted and summary judgment is hereby entered in favor of Allstate Insurance Company, defendant, and against Sandra Hausmann, a/k/a Sandra Hausmann Evans, plaintiff.