## Mengel v. Nationwide Insurance Company

*Clemson N. Page, Jr.,* for plaintiff.
*Alan B. Ziegler,* for defendant.

SAYLOR, *J.,* December 5, 1984—This action involves a claim for benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] The issue is

---

1. Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101.

whether as a matter of law plaintiff's claim is barred by the two-year statute of limitations in section 106(c)(1) of the act. We have before us for decision defendant's motion for summary judgment.

I

On March 22, 1980, plaintiff, Clarence S. Mengel, was injured in a motor vehicle accident. His no-fault automobile insurance carrier was Nationwide Insurance Company, defendant herein. Plaintiff's insurance policies from defendant provided personal-injury protection pursuant to the No-fault Act, subject to a provision that another insurance carrier was the primary source for his medical coverage, and defendant was liable only for excess coverage, under the act.[2]

Plaintiff claimed basic-loss benefits from his primary carriers and from defendant and was paid by defendant on August 11, 1980. This was the last payment made by defendant to plaintiff. More than two years afterwards, plaintiff made this claim, which defendant refused on the basis that it is statute barred. On November 16, 1983, plaintiff filed this action in assumpsit against defendant. Defendant has requested summary judgment.

II

Summary judgment is to be granted only in the clearest of cases, where the right is clear and free

---

2. Section 203(b) of the No-fault Act provides that an owner or operator of a motor vehicle may elect to provide security for basic-loss benefits through a group or individual program, thus making his automobile insurance policy excess coverage to his private plan for basic-loss benefits. When the insured so elects, the insurer must then reduce the insurance contract premium to reflect the insurer's reduced exposure through payment of basic loss benefits. Steppling v. Pennsylvania Manufacturers' Association Insurance Co., 328 Pa. Super. 419, 477 A.2d 515 (1984).

from doubt. Thompson Case Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979); Fidelibus v. State Automobile Insurance Ass'n., 315 Pa. Super. 338, 461 A.2d 1309 (1983). Under Pa.R.C.P. 1035(b), summary judgment may be granted only in cases where there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fidelibus, supra.

Section 106(c)(1) of the No-fault Act provides, in pertinent part, that "[i]f no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two years after the last payment of benefits." Our Superior Court in Fidelibus, supra, has indicated that the statute of limitations set forth in this section is mandatory, id. at 1312, and is to be strictly construed.

Plaintiff does not dispute that he claimed additional no-fault benefits more than two years after the last payment of such benefits from defendant. He claims, however, that if he can prove that within a two-year period from that filing of his complaint he received basic-loss benefits from his other insurance carriers, then his action was brought well within the applicable statutory period, and this constitutes an issue as to a material fact. However, this argument presupposes that any benefits plaintiff has received from his primary carriers are basic-loss benefits under the No-fault Act.

Section 203 refers to privately provided collateral benefits. We are satisfied that basic benefits under the No-fault Act do not include such benefits.[3]

---

3. Our conclusion is consistent with the analysis of private collateral benefits found in the treatise on the act published by the Pennsylvania Trial Lawyers' Association, D. Shrager, ed.,

Therefore, any private benefits plaintiff has received from his primary carriers do not constitute payment of no-fault benefits for purposes of the tolling of the no-fault statute of limitations. Since he claimed additional no-fault benefits more than two years after the last payment of such benefits, plaintiff's claim is barred by the statute of limitations. Sachritz v. Pennsylvania National Mutual Casualty Insurance Co., 500 Pa. 167, 455 A.2d 101 (1982); Fidelibus, supra.

Accordingly, we enter the following

## ORDER

December 5, 1984, defendant's motion is granted and judgment is hereby entered in favor of defendant and against plaintiff.

the Pennsylvania No-fault Motor Vehicle Insurance Act (1979). Page 97 of the 1983 Supplement states that "[a]lthough the No-fault Act specifically contemplates the recovery of basic loss benefits *and* private collateral benefits where the insured has *not* elected to coordinate his first-party protection, in consideration for a premium reduction, there is no policy purpose reasonably to be inferred from the Act which would permit a windfall where the option has been elected and the claimant sustains no additional financial exposure." (Emphasis in the original.)