342 Pa. Superior Ct. 517 (1985)
493 A.2d 710
Christina M. REED, Appellant,
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY.
Supreme Court of Pennsylvania.
Submitted October 24, 1984.
Filed May 17, 1985.
*519 Thomas J. Ridge, Erie, for appellant.
Mark E. Mioduszewski, Erie, for appellee.
Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.
SPAETH, President Judge:
This appeal is from an order granting appellee's motion for judgment on the pleadings. The trial court held that appellant's claim for additional no-fault benefits was barred by the statute of limitations contained in the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. § 1009.106(c)(1). We affirm.

1
Before reaching appellant's argument we shall consider appellee's arguments that appellant commenced this action improperly, and that, having failed to file exceptions, appellant has preserved no issues for review on appeal.
Appellee first argues, and we agree, that an action under the No-fault Act is to be commenced by praecipe for writ of summons or complaint as provided in Pa.R.C.P. 1007. Floczak v. Nationwide Insurance Company, 289 *520 Pa.Super. 438, 433 A.2d 885 (1981). However, appellant's petition was filed before our decision in Floczak. Moreover, even if the petition had been filed after Floczak, appellee, by filing a reply to the petition, rather than preliminary objections, waived objection to the form of action. Jones v. State Automobile Insurance Association, 309 Pa.Super. 477, 455 A.2d 710 (1983). Indeed, the trial court, in an opinion and order dated February 3, 1982, anticipating our decision in Jones, stated that it would "deem the petition and reply to be the equivalent to a complaint and answer." Slip op. at 2.[1]
Appellee next argues that Jones required appellant to file exceptions to the trial court's order granting judgment on the pleadings. Appellee's reliance on Jones is misplaced. In Jones, the appeal was from the order "dismissing" a petition for no-fault benefits after the case had been submitted to the trial court on petition, rule, answer and depositions, and following oral argument. In ruling that exceptions were required, we treated the case, which was an appeal from an order granting summary judgment, Pa.R.C.P. 1035, as on its facts equivalent to an appeal from the disposition of a case on its merits in a non-jury trial, Pa.R.C.P. 1038. So treated, exceptions were required. Here, in contrast, the trial court entered judgment on the pleadings, Pa.R.C.P. 1034, ruling that appellant's action was barred by the statute of limitations. In so ruling, the court did not go beyond the pleadings, as the trial court had done in Jones. See Bata v. Central Penn National Bank, 423 Pa. 373, 224 A.2d 174 (1966), cert. denied, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967). Accordingly, appellant was not required to file exceptions.

2
Appellant received no-fault benefits from appellee for injuries sustained in an automobile accident. The last *521 payment was received on October 13, 1978. On May 20, 1981, appellant filed her petition for additional no-fault benefits, alleging that:
On or about February 11, 1981, [appellant] was advised by a physician other than her original treating physician that the residual cosmetic and functional problems she experienced as a result of her original automobile accident could be treated through additional surgery by medical specialists not available in the Erie community.
Petition ¶ 5.
The No-fault Act provides:
(c) Time limitations on actions to recover benefits.
(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefore may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.
40 P.S. § 1009.106(c)(1).
Appellant, acknowledging that her petition was filed "later than two years after the last payment of benefits," argues that the "discovery rule" applies to her claim: "Since the action was commenced within the four-year statute of repose and since [appellant] had no reason to know of the need and availability of further treatment, she should not be denied the opportunity to obtain additional medical care." Brief for Appellant at 9. Rejecting appellant's argument, the trial court relied on McGlade v. Ohio Casualty Ins. Co., 18 D. & C.3d 676 (1980), which this court by memorandum opinion affirmed per curiam, 295 Pa.Super. 563, 435 A.2d 919 (1981). While this court's per curiam affirmance of a *522 trial court opinion is of no precedential value,[2] we agree with the conclusion of the trial court here that the discovery rule is not an exception to the statute of limitations in the second sentence of Section 106(c)(1).
At the outset we note that on its face, appellant's petition for additional benefits does not appear to raise the discovery rule. Under the discovery rule, the statute of limitations does not begin to run until the plaintiff knows or reasonably should have known that he has been injured and that his injury has been caused by another party's conduct. Cathcart v. Keene Industrial Insulation, 324 Pa.Super. 123, 135, 471 A.2d 493, 500 (1984). See also Staiano v. Johns Manville Corp., 304 Pa.Super. 280, 281, 450 A.2d 681, 684 (1982), quoting Volpe v. Johns-Manville Corp., 4 Phila. County Reporter 290, 295-96 (1980) (statute begins to run when plaintiff has: "(1) knowledge of the injury; (2) knowledge of the operative cause of the injury; and (3) knowledge of the causative relationship between the injury and the operative conduct") (emphasis in original). Here, appellant does not ask for additional no-fault benefits because she has just become aware of an injury that she suffered as a result of the accident. Instead, she states that she has become aware that additional treatment is available for the injuries she was aware of. Thus, even if we were to hold that the discovery rule should be incorporated into Section 106(c)(1), as appellant argues it should be, we should have difficulty, on the pleadings before us, in concluding that the rule would apply in this case.
Nevertheless, assuming that appellant's petition does properly raise the discovery rule, we nevertheless conclude that it is not to be applied to Section 106(c)(1). Appellant misreads the statute in arguing that the four-year statute of repose contained in the first sentence of Section 106(c)(1) should likewise apply to the second sentence. An action may be brought up to four years from the date loss is *523 sustained only "[i]f no-fault benefits have not been paid for loss arising otherwise than from death, . . ." (emphasis added). Moreover, to commence suit after two years, but within four years after loss is sustained, when no-fault benefits have not been paid, the victim must show that "in the exercise of reasonable diligence [he] should [not] have known, that the loss was caused by the accident." When, however, no-fault benefits have been paid, the victim may claim additional benefits only within "two years of the last payment of benefits." It would be unnecessary, if not redundant, to incorporate the "discovery rule" into the second sentence of Section 106(c)(1), for, by virtue of having made prior claims for no-fault benefits, the victim has acknowledged the injury  in the language of the No-fault Act, a "loss" has been "suffered." In submitting a prior claim appellant met the requirements of the discovery rule  she knew that she had been injured and that her injury had been caused by another party's conduct. See Cathcart v. Keene Industrial Insulation, supra. With that knowledge she was placed on notice that any further claim for loss resulting from the accident would have to be made within two years of the last payment.
While we are aware of no appellate decision that has explicitly held that the discovery rule is not to apply in a case where a claim for no-fault benefits has been made more than two years after the last payment,[3] we have consistently construed Section 106(c)(1) to bar additional claims after the two-year period has elapsed, see Fidelibus v. State Automobile Insurance Association, 315 Pa.Super. 338, 461 A.2d 1309 (1983); Fusco v. Keystone Insurance Company, 312 Pa.Super. 471, 458 A.2d 1390 (1983); Platts v. Government Employees Insurance Co., 301 Pa.Super. 379, 447 A.2d 1017 (1982), and we agree with the trial court in McGlade v. Ohio Casualty Ins. Co., supra, in which the court rejected the argument that the discovery rule should apply to the second sentence of Section 106(c)(1):

*524 Once a benefit has been paid, . . . and there is an acknowledged accident-related loss, both the insurance company and the injured party are on notice that a new statute of limitations begins to run from the last payment. This new period may expire prior or subsequent to four years after the accident. If no claim is made for a period of two years, it is presumed that any loss after this trouble-free period is unrelated to the accident and further benefits need not be paid. On the other hand, if a loss is suffered within two years of the last payment, the new loss may be found to have been accident-related.
18 D. & C.3d at 680.
Order affirmed.
NOTES
[1] The trial court's order and opinion were filed in response to a brief filed by appellee calling the court's attention to Floczak. The court treated the brief as a motion for judgment on the pleadings.
[2] The memorandum opinions of this court "are not to be considered as precedent and cannot be cited for any purpose." Notice to the Bar, dated September 19, 1980; see 295 Pa.Super. at 531, 435 A.2d at 906.
[3] We do not count our decision in McGlade. See footnote 2, supra.