## Tonkovic v. State Farm Mutual Automobile Insurance Co.

138

*David L. Lutz,* for plaintiff.
*Stephen L. Banko Jr.,* for defendant.

NATALE, *J.,* July 27, 1990 — Presently before the court are motions for summary judgment filed by both parties. The parties agree that there are no issues of material fact and that the only issue for the court to decide is the construction of the statute of limitations provision of the repealed Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, no. 176, 40 P.S. §1009.101 et seq., repealed, effective October 1, 1984.

## THE FACTS

On March 26, 1982, plaintiff was seriously injured in a head-on automobile accident. Her legs were subsequently amputated below the knees. Defendant, her no-fault insurance carrier, paid for accident-related medical expenses and lost wages. Defendant paid for prosthetic devices and associated supplies. The last payment of benefits was made by defendant directly to plaintiff on March 5, 1986.

During the next two years plaintiff incurred no accident-related medical expenses. At a subsequent point, plaintiff's physician prescribed *replacement* prosthetic devices. Plaintiff incurred a bill dated December 8, 1988 of $5,406 from Tuefel Ortholic-Prosthetic Associates for the replacement of prosthetic devices and submitted the bill to defendant. The parties have stipulated that the cost of the prosthetic devices is reasonable, necessary and causally relates to plaintiff's automobile accident injuries of March 26, 1982. Defendant denied the claim citing the statute of limitations set forth in 40

P.S. §1009.106(c)(i), stating that more than two years had elapsed since the date of the last payment of benefits.

## THE ISSUE

Does the statute of limitations found at 40 P.S. §1009.106(c)(1) bar recovery for a replacement prosthetic device, where the parties agree the cost of the device is reasonable, necessary and causally related to the accident?

## DISCUSSION

Summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b).

The applicable statute of limitations, 40 P.S. §1009.106(c)(1), states as follows:

"(c) *Time limitations on actions to recover benefits* —

"(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefore may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant may be commenced not later than two years after the last payment of benefits."

Defendant asserts that a plain reading of the section and the Superior Court's decision in *Reed v. Pennsylvania National Mutual Casualty Insurance Co.*, 342 Pa. Super. 517, 493 A.2d 710 (1985), bars

any claim whatsoever (other than from death) which is made more than two years beyond the date of the last payment of benefits. This court cannot agree.

In *Reed, supra,* the plaintiff was advised by a physician other than her treating doctor that residual cosmetic and functional problems she *continued to experience* could be treated by specialists outside her geographic area. The *Reed, supra,* plaintiff had knowledge throughout the two-year period that she had injuries caused by the accident. The Pennsylvania Superior Court quoted with approval a decision of our Dauphin County bench, *McGlade v. Ohio Casualty Insurance Co.,* 18 D.&C. 3d 676 (1980):

" 'Once a benefit has been paid, . . . and there is an acknowledged accident-related loss, both the insurance company and the injured party are on notice that a new statute of limitations begins to run from the last payment. This new period may expire prior or subsequent to four years after the accident. If no claim is made for a period of two years, it is presumed that any loss after this trouble-free period is unrelated to the accident and further benefits need not be paid. On the other hand, if a loss is suffered within two years of the last payment, the new loss may be found to have been accident related.' 18 D.&C. 3d at 680." *Reed,* 342 Pa. Super. at 524, 493 A.2d at 713.

In this case, the parties agree the replacement prosthetics were necessary and causally related to the accident. This overcomes the presumption quoted with approval by the Superior Court that "any loss after this trouble-free period is unrelated to the accident." *Reed,* 342 Pa. Super. at 524, 493 A.2d at 713; *McGlade,* 18 D.&C. 3d at 680.

The court finds the situation at bar to fit the analysis given in *Rigotti v. J.C. Penney Casualty Insurance Company,* 13 D.&C. 3d 472 (1980); and

*Bauman v. Nationwide Ins. Co.,* 29 D.&C. 3d 189 (1984). In those two cases an analysis was made of statutory construction and the legislative history of the No-fault Act. For example:

"The Legislature's express purpose in enacting the No-fault Act was to create 'a low cost, compre- hensive, and fair system' which uniformly would provide for 'maximum feasible restoration' of all victims of motor vehicle accidents. 40 P.S. §1009.102; *Tabner v. State Farm Mutual Automo- bile Insurance Co.,* 496 Pa. 215, 436 A.2d 621 (1981).

"Strict application of the formula set up in section 106(c)(1) of the act would preclude plaintiff from recovering expenses caused by the automobile ac- cident but not known of until two years after the last payment. Insurance statutes are not among those types of statutes designated by our legislature as requiring strict interpretation. We must liberally construe the No-fault Act in order to assure that its purpose is given effect. See *Goodwin v. Hartford Life Insurance Co.,* 359 F.Supp. 20 (1973), reversed on other grounds, 491 F.2d 332 (1974); *West Amer- ican Insurance Company v. Oberding,* 305 Pa. Su- per. 55, 451 A.2d 239 (1982). Although the court cannot disregard the clear and unambiguous lan- guage of the No-fault Motor Vehicle Insurance Act, it must construe the statute with the recognition that the legislature 'does not intend a result that is absurd, impossible of execution or unreasonable.' See *Platts v. Government Employees Insurance Company,* 301 Pa. Super. 379, 447 A.2d 1017 (1982); Pa.C.S. §1922(1) (1972). Cognizant of the remedial spirit of the No-fault Act, if a court is to err in ascertaining the intent of the legislature in close or doubtful cases, it should err in favor of coverage for the insured. *Crawford v. Allstate Insurance Co.,* 305

142

Pa. Super. 167, 451 A.2d 474 (1982)." *Bauman, supra,* at 193-4.

This court finds it should rule consistently with prior decisions of our bench. In *Carroll v. GEICO,* 48 D.&C. 3d 335 (1988), Judge Dowling, of this bench, noted "if plaintiff Carroll were claiming benefits for additional surgical treatment related to the chest injuries she already received benefits for, the action would not be barred by the statute of limitations." *Carroll* at 338.(1988).

Surely the legislature did not intend to exclude a claim for replacement prosthetic devices. Such an interpretation would go directly against the express stated purpose of the No-fault Act, 40 P.S. §1009.102 and be absurd, impossible of execution and unreasonable. 1 Pa.C.S. §1922(1) (1972).

Accordingly, summary judgment is granted for plaintiff.

## ORDER

And now, July 27, 1990, upon consideration of the cross-motions for summary judgment, and in accordance with the opinion issued this date, plaintiff's motion for summary judgment is granted. Defendant's motion for summary judgment is denied. Judgment shall be entered for plaintiff in the amount of $5,406.