595 A.2d 1269

**Irene TONKOVIC**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1991.

Filed Aug. 22, 1991.

Stephen L. Banko, Harrisburg, for appellant.

Joseph M. Melillo, Harrisburg, for appellee.

Before TAMILIA, POPOVICH and HESTER, JJ.

HESTER, Judge:

State Farm Mutual Insurance Company ("State Farm") appeals from the July 30, 1990 summary judgment entered by the Court of Common Pleas of Dauphin County in the amount of $5,406.08 in favor of the injured plaintiff, appellee in this action, Irene Tonkovic. The trial court determined that Irene Tonkovic's claim for reimbursement of replacement prosthetic devices was not barred by the two-year limitation set forth in 40 P.S. § 1009.106(c) of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §§ 1009.101, *et seq.*, repealed effective October 1, 1984 (the "Act"). Appellant argues that this determination is directly contrary to the plain meaning and stated intent of the legislature. We find no merit in appellant's argument, and accordingly, we affirm.

We note initially that the standard for the grant of summary judgment is clear. In *Fidelibus v. State Farm Automobile Insurance Association*, 315 Pa.Super. 338, 339, 461 A.2d 1309, 1310 (1983), we stated:

Summary judgment is to be granted only in the clearest of cases, where the right is clear and free from doubt. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). Under Pa.R.C.P. 1035(b) summary judgment may be granted only if there is "no genuine issue as

to any material fact and the moving party is entitled to a judgment as a matter of law."

Furthermore, an appellate court will overturn entry of summary judgment by the trial court only if there has been an error of law or a clear abuse of discretion. *Pestalozzi v. Philadelphia Flyers, Ltd.,* 394 Pa.Super. 420, 576 A.2d 72 (1990); *Incollingo v. Maurer,* 394 Pa.Super. 352, 575 A.2d 939 (1990); *McCain v. Pennbank,* 379 Pa.Super. 313, 549 A.2d 1311 (1988).

The record reveals the following. On March 26, 1982, appellee was injured seriously in a head-on collision with another vehicle. As a result of the accident, both her legs were amputated below the knee. Appellant reimbursed appellee for all accident-related medical expenses and lost wages. The medical expenses included reimbursement for prosthetic devices and associated medical supplies. The last reimbursement appellee received was paid on March 5, 1986.

During the next two years, appellee did not incur any additional medical expenses. Subsequently, appellee's physician prescribed *replacement* prosthetic devices. These were put in place, and appellee received a bill in the amount of $5,406.00 from Tuefel Ortholic–Prosthetic Associates. She submitted the bill for reimbursement from appellee. Appellee did not contest the reasonableness of the expenses incurred, nor did it contend that appellee filed the claim without the proper proof or contrary to the required procedure. Instead, appellee denied the claim on the basis that it was not timely, citing the statute of limitations set forth in 40 P.S. § 1009.106(c)(1) (repealed effective October 1, 1984) which provides:

If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits

have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two years after the last payment of benefits.

The trial court acknowledged that in *Reed v. Pennsylvania National Mutual Casualty Insurance Co.*, 342 Pa.Super 517, 493 A.2d 710 (1985), we held that the legislature did not intend for the discovery rule to extend the two-year limitation period from the date of the last payment and thereby extend coverage to include unanticipated expenses incurred by injured motorists for injuries related to the accident but that had not yet manifested themselves. This accords with our Supreme Court's interpretation that in the Act, the legislature sought to obtain low cost insurance for all motorists by limiting and making claims certain rather than permitting claims to retain future potential liability. *See Sachritz v. Pennsylvania National Mutual Casualty Insurance Co.*, 500 Pa. 167, 455 A.2d 101 (1982).

We held in *Reed v. Pennsylvania Mutual Casualty Insurance Co., supra,* that the discovery rule did not apply to extend the limitations period past two years from the date of the last payment. There, we further quoted with approval language by the trial court interpreting section 106(c)(1) in *McGlade v. Ohio Casualty Insurance Co.*, 18 Pa.D. & C.3d 676, 620 (Philadelphia County) (1980):

Once a benefit has been paid, however, and there is an acknowledged accident-related loss, both the insurance company and the injured party are on notice that a new statute of limitations begins to run from the last payment. This new period may expire prior or subsequent to four years after the accident. If no claim is made for a period of two years, it is *presumed that any loss after this trouble-free period is unrelated to the accident* and further benefits need not be paid. On the other hand, if a loss is suffered within two years of the last payment, the new loss may be found to have been accident-related.

*Reed v. Pennsylvania Mutual Casualty Insurance Co.,
supra,* 342 Pa.Super. at 523–24, 493 A.2d at 713 (emphasis
added).

The trial court nevertheless determined that since the
expense incurred by appellee at issue resulted from replace-
ment prosthetics, rather than from a new injury related to
the accident that did not manifest itself until later, this
expense was not a "new" expense but a related "old"
expense for continuing treatment. As such, the trial court
concluded that appellee's unreimbursed claim tolled the
statute of limitations since it related back to the prior claim.
It thus overcame the presumption we found in the statute
that any claim brought later than two years from the last
reimbursement was unrelated to the accident.

Appellant maintains that the purpose of any statute of
limitation is to expedite litigation and to discourage delay in
the prosecution of stale claims. *Insurance Company of
North America v. Carnahan,* 446 Pa. 48, 284 A.2d 728
(1971). Furthermore, the statute of limitations set forth in
40 P.S. § 106(c)(1) is mandatory. *Fidelibus v. State Farm
Automobile Insurance Association, supra.* Appellant also
relies upon *Sachritz v. Pennsylvania National Mutual
Casualty Insurance Co.,* 500 Pa. 167, 455 A.2d 101 (1982),
where our Supreme Court opined that the legislative pur-
pose in the Act was to adhere to a four-year limitation yet
to allow flexibility by permitting claims filed two years
from the date of the last payment in cases where some
payments had been made. Appellant next argues that
allowing a claim such as appellee's would defeat the four-
year limitation and the goal of a definite period for claims.

Further, appellant analogizes appellee's realization that a
replacement prosthetic was needed with the discovery that
a new accident-related injury has manifested itself and thus
the consequent application of the discovery rule. Appellant
then argues that in *Reed v. Pennsylvania Mutual Casual-
ty Insurance Co., supra,* we specifically adopted the view
that the discovery rule is not an exception to the statute of
limitations. Further, appellant argues that the Act clearly

provides that a loss accrues when it is sustained. *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). Accordingly, appellant contends that additional claims are barred as new claims and are not tolled. *Fidelibus v. State Farm Auto Insurance Association, supra.* Appellant notes that this interpretation is buttressed by the fact that a "loss" as defined by 40 P.S. § 1009.103 encompasses an "allowable expense" while an "allowable expense" includes medical products and services, and these in turn include replacement prosthetics. Accordingly, the additional treatment is a "loss" incurred two years after the last reimbursement and thus, is time-barred.

■ We reject this argument. Replacement prosthetics clearly are contemplated at the time that the initial prosthetics are inserted. Thus, they are foreseeable and should be viewed as related to the initial claim for allowable expenses. The replacement is not an injury that may or may not manifest itself or that may or may not be related to the accident, which is what the legislature intended to preclude. Accordingly, we conclude that the presumption implicit in section 106(c)(1) and relied upon by appellant was not intended to apply since replacement prosthetics are not a new or an additional injury claim. Rather, this claim for reimbursement is a continuation of the prior claim and relates back to it. Consequently, we hold that the bar of the two year statute of limitations set forth in section 106(c)(1) is not applicable. Further, the presumption never was intended to be irrefutable.

We note that in *Reed v. Pennsylvania Mutual Casualty Insurance Co., supra,* we stated that our discussion concerned application of the discovery rule to the limitations period, and we did not address continuing benefits for known injuries. *Id.,* 342 Pa.Super at 523, 493 A.2d at 712. We further noted that our per curiam memorandum opinion in *McGlade v. Ohio Casualty Insurance Co.,* 295 Pa.Super. 563, 435 A.2d 919 (1981), affirming *McGlade v. Ohio Casualty Insurance Co.,* 18 Pa.D. & C.3d 676 (Philadelphia County) (1980), which held that there is no ambiguity in the

language of the statute which permits distinguishing between "old" and "new" claims, is of no precedential value. *See Melendez v. Pennsylvania Assigned Claims Plan,* 384 Pa.Super. 48, 557 A.2d 767 (1989).

■ Instantly, in our view, the claim for reimbursement is not a new loss which accrued after the limitations period but is a continuing expense for an existing injury. The four year limitation does not bar continuing expenses incurred many years after the accident; it bars claims for new injuries not brought within four-years of the accident. Accordingly, we agree with the trial court that continuing benefits for known injuries are not barred by section 106(c)(1) and that this treatment advances the stated intention of the Act to provide the maximum restoration of motor vehicle accidents in Pennsylvania. *See* 40 P.S. § 1009.102; *Tubner v. State Farm Mutual Automobile Insurance Co.,* 496 Pa. 215, 436 A.2d 621 (1981).

Judgment affirmed.